UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WAYNE JOHNSON

Plaintiff,

v.

MOORS & CABOT, INC.
DANIEL MICHAEL JOYCE
VERNON LUCIUS GIBSON
ROBERT WILLIS MOREY

Defendants

13-CV-

**COMPLAINT**

FILED
IN CLERKS OFFICE
2013 JAN 22 A 11: 08
U.S. DISTRICT COURT
DISTRICT OF MASS.

## INTRODUCTION

This is an action for (i) violations of the Age Discrimination in Employment Act (ii) breach of contract, and (iii) injunctive relief, brought by Wayne Johnson ("Johnson") against Moors & Cabot, Inc. ("Moors & Cabot") and Daniel Michael Joyce (" Defendant Joyce"), Vernon Lucius Gibson (" Defendant Gibson") and Robert Willis Morey (" Defendant Morey") (Defendant Joyce, Defendant Gibson and Defendant Morey also jointly hereinafter ("Senior Management Defendants") (Moors & Cabot and Senior Management jointly hereinafter ("Defendants"). This Complaint arises out of the Defendant's wrongful termination of Johnson because of intentional age discrimination.

## PARTIES

1. The Plaintiff, Wayne Johnson, is an individual residing at 242 Pleasant St.,

Marblehead, Massachusetts.

2. The Defendant, Moors & Cabot, Inc., is a corporation duly organized and operating under the laws of the Commonwealth of Massachusetts with a principal place of business of 111 Devonshire ~~tron~~ St., Boston, Massachusetts. Moors & Cabot is a private employer who has 20 or more employees, whose business affects interstate commerce.

3. The Defendant, Daniel Michael Joyce is an individual residing at 6 Pioneer Trail, Marshfield, Massachusetts, and is a shareholder and the President of Morse & Cabot.

4. That Defendant, Vernon Lucius Gibson is an individual residing in Quincy, Massachusetts and is the Boston branch manager of Moors & Cabot and a senior vice president of Moors & Cabot.

5. The Defendant, Robert Willis Morey is an individual residing at 1068 Brickle Bay Dr., Miami, FL and is a 75% shareholder and director of Moors & Cabot.

## JURISDICTION

4. This Court has jurisdiction pursuant to 29 U.S.C. § 626.

5. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

6. Wayne Johnson was born on 10-4-37and was 74 years old on February 24, 2012.

7. For 19 years, Johnson was employed by Moors & Cabot as a licensed financial advisor and senior vice president of investments. During this period of time Johnson rendered services in a competent manner in full and complete compliance with any and all applicable rules and regulations of Moors & Cabot. At all times prior to his wrongful termination on February 24, 2012 Johnson had received positive employee reviews by the Defendants.

8. On February 24, 2012 Johnson was illegally terminated by the Defendants from his position at Moors & Cabot. The false pretense upon which Defendants terminated. Johnson was Johnson's alleged failure to comply with a supervisor's instruction relating to the management of fee versus commission investment accounts for one of Johnson's clients, Robert Fulton ("Defendants' Basis for Termination"). At no time did Robert Fulton register any complaints concerning Johnson's management of Robert Fulton's investment accounts. At all times relevant Johnson complied with Robert Fulton's explicit instructions concerning certain transactions in Mr. Robert Fulton's investment accounts. Defendant Joyce and Defendant Gibson personally terminated Johnson and stated the decision was approved by Defendant Morey and the Board of Directors. Defendant Morey has specifically admitted to a Moors & Cabot in house recruiter that Moors & Cabot was taking the "books of business" of former senior

employees, including Johnson's, and transferring said "books of business" to new younger employees in order to avoid paying said new employee Moors & Cabot's traditional signing bonuses.

9. Defendants' Basis for Termination was a false pretext for terminating Johnson and the actual reason Defendants terminated Johnson was due to his age and Defendants desire to save on the cost of health insurance premiums for Johnson. Subsequent to Johnson's wrongful termination the Senior Management Defendants made direct admissions that Moors & Cabot had a need to reduce the number of senior people ... because they were causing the health insurance costs to be considerably higher than they should be." Senior Management Defendants also boasted to 3rd parties that in the last year that Moors & Cabot had terminated 4 senior financial advisors in order to save health insurance premium dollars and take and utilize their "books of business".

10. Subsequent to Johnson's termination, Johnson was forced to leave his client accounts, "book of business", with Moors & Cabot and said, "book of business" was transferred, with no financial consideration to Johnson, to Defendant Gibson and his daughter Kelly Gibson, who was working in partnership with Defendant Gibson. Both Defendant Gibson and Kelly Gibson are substantially younger financial advisors. Both Defendant Gibson and Kelly Gibson thereafter contacted and conducted business with Johnson's clients and received compensation from Moors & Cabot for the same.

11. The actions of Defendants as set forth in paragraphs 8, 9 and 10 herein were

willful and consciously intentional acts, which establishes discriminatory animus towards older workers and said acts would not have occurred but for Johnson's age. Defendants' actions showed a reckless disregard for whether or not their conduct was prohibited by the Age Discrimination in Employment Act as Defendants treated Johnson in a manner that was disparate from other younger employees of Moors & Cabot. As a result of said disparate treatment, Johnson has suffered and continues to suffer substantial financial damages. Unless Johnson is fully reinstated in his former position as a senior financial advisor continued to suffer substantial financial damages and the legislative purpose of the Age Discrimination in Employment Act will not be effectuated.

12. As a result of the actions of the Defendants, Johnson filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On October 24, 2012 the EEOC issued to Johnson his "notice of right to sue". The herein complaint is filed within 90 days of Johnson's receipt of the EEOC "notice of right to sue". A copy of said “notice of right to sue" is attached hereto and marked as Exhibit “A”.

**COUNT I vs. MOORS & CABOT**

**VIOLATION OF ADEA**

13. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 12 above.

14. Moors & Cabot's willful and conscious disparate treatment of Johnson due to his age as set forth in paragraph numbers 8-11 herein is a violation of 29 U.S.C. § 626,

Age Discrimination in Employment Act .

15. As a result of Moors & Cabot's willful and conscious disparate treatment of Johnson due to his age, Johnson has suffered damages in amounts to be established through the trial of the claims contained herein. Moors & Cabot's actions as set forth herein were willful and showed a reckless disregard for whether or not their conduct was prohibited by the Age Discrimination Employment Act, entitling Johnson to compensatory and punitive damages.

**COUNT II vs. MOORS & CABOT**

**BREACH OF CONTRACT**

16. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 15, above.

17. By terminating Johnson's employment upon the false pretense that Johnson had failed to comply with a "supervisors instruction" Moors & Cabot intentionally breached Johnson's employment contract.

18. As a result of Moors & Cabot's intentional breach of Johnson's employment contract. Johnson has suffered damages in an amount to be established at the trial of the claims contained herein.

**COUNT III vs. MOORS & CABOT**

**INJUNCTIVE RELIEF**

19. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 18, above.

20. The Age Discrimination Employment Act 29 U.S.C. § 621 et seq. permits all legal and equitable remedies as may be appropriate to effectuate the purposes of the act, including but not limited to injunctive relief.

21. In order to rectify and remedy Moors & Cabot's intentional discrimination against Johnson due to his age, Johnson is entitled to injunctive relief wherein Moors & Cabot is ordered and directed to immediately rehire and reinstate Johnson in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

**COUNT IV vs. DEFENDANT JOYCE**

**VIOLATION OF ADEA**

22. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. Defendant Joyce's willful and conscious disparate treatment of Johnson due to

his age as set forth in paragraph numbers 8-11 herein is a violation of 29 U.S.C. § 626, Age Discrimination in Employment Act .

24. As a result of Defendant Joyce's willful and conscious disparate treatment of Johnson due to his age, Johnson has suffered damages in amounts to be established through the trial of the claims contained herein. Defendant Joyce's actions as set forth herein were willful and showed a reckless disregard for whether or not their conduct was prohibited by the Age Discrimination Employment Act, entitling Johnson to compensatory and punitive damages.

## COUNT V vs. DEFENDANT JOYCE
## BREACH OF CONTRACT

25. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 24, above.

26. By terminating Johnson's employment upon the false pretense that Johnson had failed to comply with a "supervisors instruction" Defendant Joyce intentionally caused the breach of Johnson's employment contract.

27. As a result of Defendant Joyce’s intentional breach of Johnson's employment contract. Johnson has suffered damages in an amount to be established at the trial of the claims contained herein.

**COUNT VI vs. DEFENDANT JOYCE**

**INJUNCTIVE RELIEF**

28. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 27, above.

29. The Age Discrimination Employment Act 29 U.S.C. § 621 et seq. permits all legal and equitable remedies as may be appropriate to effectuate the purposes of the act, including but not limited to injunctive relief.

30. In order to rectify and remedy Defendant Joyce's intentional discrimination against Johnson due to his age, Johnson is entitled to injunctive relief wherein Defendant Joyce is ordered and directed to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

**COUNT VII vs. DEFENDANT GIBSON**

**VIOLATION OF ADEA**

31. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. Defendant Gibson's willful and conscious disparate treatment of Johnson due to his age as set forth in paragraph numbers 8-11 herein is a violation of 29 U.S.C. § 626, Age Discrimination in Employment Act .

33. As a result of Defendant Gibson's willful and conscious disparate treatment of Johnson due to his age, Johnson has suffered damages in amounts to be established through the trial of the claims contained herein. Defendant Gibson's actions as set forth herein were willful and showed a reckless disregard for whether or not their conduct was prohibited by the Age Discrimination Employment Act, entitling Johnson to compensatory and punitive damages.

**COUNT VIII vs. DEFENDANT GIBSON**

**BREACH OF CONTRACT**

34. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 33, above.

35. By terminating Johnson's employment upon the false pretense that Johnson had failed to comply with a "supervisors instruction" Defendant Gibson intentionally caused the breach of Johnson's employment contract.

36. As a result of Defendant Gibson's intentional breach of Johnson's employment contract. Johnson has suffered damages in an amount to be established at the trial of the claims contained herein.

**COUNT IX vs. DEFENDANT GIBSON**

**INJUNCTIVE RELIEF**

37. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 36, above.

38. The Age Discrimination Employment Act 29 U.S.C. § 621 et seq. permits all legal and equitable remedies as may be appropriate to effectuate the purposes of the act, including but not limited to injunctive relief.

39. In order to rectify and remedy Defendant Gibson's intentional discrimination against Johnson due to his age, Johnson is entitled to injunctive relief wherein Defendant Gibson is ordered and directed to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

**COUNT X vs. DEFENDANT MOREY**

**VIOLATION OF ADEA**

40. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 39 above.

41. Defendant Morey's willful and conscious disparate treatment of Johnson due to his age as set forth in paragraph numbers 8-11 herein is a violation of 29 U.S.C. § 626, Age Discrimination in Employment Act .

42. As a result of Defendant Morey's willful and conscious disparate treatment of Johnson due to his age, Johnson has suffered damages in amounts to be established through the trial of the claims contained herein. Defendant Morey's actions as set forth herein were willful and showed a reckless disregard for whether or not their conduct was prohibited by the Age Discrimination Employment Act, entitling Johnson to compensatory and punitive damages.

**COUNT XI vs. DEFENDANT MOREY**

**BREACH OF CONTRACT**

43. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 42, above.

44. By terminating Johnson's employment upon the false pretense that Johnson had failed to comply with a "supervisors instruction" Defendant Morey intentionally caused the breach of Johnson's employment contract.

45. As a result of Defendant Morey's intentional breach of Johnson's employment contract. Johnson has suffered damages in an amount to be established at the trial of the claims contained herein.

**COUNT XII vs. DEFENDANT MOREY**

**INJUNCTIVE RELIEF**

46. Johnson restates and incorporates by reference the allegations contained in paragraphs 1 through 45, above.

47. The Age Discrimination Employment Act 29 U.S.C. § 621 et seq. permits all legal and equitable remedies as may be appropriate to effectuate the purposes of the act, including but not limited to injunctive relief.

48. In order to rectify and remedy Defendant Morey's intentional discrimination against Johnson due to his age, Johnson is entitled to injunctive relief wherein Defendant Morey is ordered and directed to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY**

## PRAYERS FOR RELIEF

WHEREFORE, Johnson respectfully prays that:

1. Pursuant to Count I, this Court enter Judgment against Morris & Cabot in an amount to be determined at trial plus punitive damages, interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

2. Pursuant to Count II, this Court enter Judgment against Morris & Cabot in an amount to be determined at trial plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

3. Pursuant to Count III, this Court enter a permanent mandatory injunction ordering and directing Moors & Cabot to immediately rehire and reinstate Johnson in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

4. Pursuant to Count IV, this Court enter Judgment against Defendant Joyce in an amount to be determined at trial plus punitive damages, interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

5. Pursuant to Count V, this Court enter Judgment against Defendant Joyce in an amount to be determined at trial plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

6. Pursuant to Count VI, this Court enter a permanent mandatory injunction ordering and directing Defendant Joyce to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

7. Pursuant to Count VII, this Court enter Judgment against Defendant Gibson in an amount to be determined at trial plus punitive damages, interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

8. Pursuant to Count VIII, this Court enter Judgment against Defendant Gibson in an amount to be determined at trial plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

9. Pursuant to Count IX, this Court enter a permanent mandatory injunction ordering and directing Defendant Gibson to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then

entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

10. Pursuant to Count X, this Court enter Judgment against Defendant Morey in an amount to be determined at trial plus punitive damages, interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

11. Pursuant to Count XI, this Court enter Judgment against Defendant Morey in an amount to be determined at trial plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same;

12. Pursuant to Count XII, this Court enter a permanent mandatory injunction ordering and directing Defendant Morey to immediately facilitate and insurer Johnson is rehired and reinstated in the position that he held as of February 23, 2012 and that he be provided any and all salary and other benefits of employment which he was then entitled to, or would presently be entitled to had his employment not been wrongfully terminated due to age.

13. For any such other and further relief as this Court deems just and proper.

Respectfully submitted this the ~~23rd~~ 22nd day of January, 2013.

The Plaintiff,
Wayne Johnson
Pro Se

Wayne Johnson
242 Pleasant Street
Marblehead MA 01945
Tel: (617) 852-4533
Email: capgains@comcast.net